| | |
|---|---|
| SANTOSH SINGH, VIRENDRA SINGH, and 63-65 CHESTNUT, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF WEEHAWKEN, et al., <br><br> Defendants. | Civil Action No. 15-3478 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

On November 15, 2018, Defendants filed a motion for summary judgment, supported by a brief and statement of material facts, as required by Local Civil Rule 56.1. Plaintiffs opposed the motion, submitting a brief, a response to Defendants' statement of facts, and their own supplemental statement of material facts. Thereafter, Defendants' reply brief was filed. The Court has reviewed all submissions related to the motion for summary judgment. For the following reasons, it will strike Plaintiffs' opposition as deficient under Federal Rule of Civil Procedure 56 and permit Plaintiffs to re-file a corrected brief and statement of facts, in compliance with Rule 56 and Local Civil Rule 56.1.

The defect in Plaintiffs' submission rests primarily with the opposition brief's failure to set forth relevant and material facts which are supported by precise citations to the record. For example, Plaintiffs' brief does not contain a "statement of facts" section providing a narrative of material facts, in particular those which Plaintiffs contend present a genuine dispute and thus defeat summary judgment. Instead, Plaintiffs simply "refer to and incorporate herein all facts set

1

forth in their Supplemental Statement of Material Facts . . . and Response to Rule 56.1 Statement." (Opp'n at 2.) The 60-page supplemental statement of material facts consists of 331 paragraphs, and its blanket incorporation into the opposition brief provides the Court with no indication as to the facts Plaintiff believes are in dispute or the evidence which might support those facts. Further, the argument section of the brief makes various factual assertions based on string cites or block cites to Plaintiffs' supplemental statement of material facts, without pinpointing which paragraphs support particular facts. For example, at page 6 of the brief, Plaintiffs make a number of claims purporting to demonstrate Defendants' wrongdoing and cite, as evidence, the following: "Rule 56.1 Response at ¶¶ 4, 7, 19; Supp. Statement at ¶¶ 29-331." A citation to over 300 paragraphs of factual material is totally unacceptable. Then, on pages 17 to 19, Plaintiffs set forth single-spaced, bulleted paragraphs dense with factual assertions as to the various individual defendants and conclude each recitation with a long string cite to their supplemental statement of facts. Again, the Court cannot determine which factual assertion is supported by the record.

While Plaintiffs' opposition brief argues various legal principles, it makes virtually no effort to demonstrate to the Court how the evidence disclosed in discovery supports these legal arguments. Rule 56 requires Plaintiffs, as the parties opposing summary judgment, to support their factual assertions with citations to particular parts of materials in the record. See Fed. R. Civ. P. 56(c)(1). Moreover, the evidence cited by Plaintiffs must be tailored to the claim which they argue should withstand the motion for summary judgment. Defendants are charged separately with various allegations of misconduct. The burden is on Plaintiffs to demonstrate the evidence that supports their claims as to each Defendant. It is not the obligation of the Court to

wade through string cites and block citations to parse which of Plaintiffs' factual contentions are actually supported by the evidence in the record. To quote the Third Circuit:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments."

United States v. Claxton, 766 F.3d 280, 307, 61 V.I. 715 (3d Cir. 2014) (citations omitted).

Although the Court could properly strike Plaintiffs' submission and deem Defendants' motion unopposed, it recognizes there may very well be one or more viable claims which can survive this motion and which have simply been inadequately presented as a result of Plaintiffs' blunderbuss approach. Therefore, instead of proceeding to rule on the motion for summary judgment as currently briefed, the Court will strike Plaintiffs' opposition and direct that Plaintiffs submit a revised opposition brief and other required documents within 21 days of the date of this Order. The Court further directs that Plaintiffs' brief properly support all factual and legal arguments with appropriate and specific citations to the record, tailored to each individual defendants' alleged misconduct. Defendants may submit a supplemental reply brief within 10 days thereafter.

So Ordered.

                                  s/ Stanley R. Chesler
                                  STANLEY R. CHESLER
                                  United States District Judge

Dated: February 7, 2019