UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SANTOSH SINGH, VIRENDRA SINGH, and 63-65 CHESTNUT, LLC,

Plaintiffs,

v.

TOWNSHIP OF WEEHAWKEN, et al.,

Defendants.

Civil Action No. 15-3478 (SRC)

**OPINION & ORDER**

**CHESLER**, District Judge

This matter comes before the Court on the motion for summary judgment filed by Defendants Giovanni D. Ahmad, Shaun D. Masterson, Frank Tattoli, the Township of Weehawken, Richard F. Turner, and Richard P. Venino (collectively, "Defendants.") Plaintiffs Virendra Singh, Santosh Singh, and 63-65 Chestnut, LLC (collectively, "Plaintiffs") have opposed the motion. For the reasons that follow, the motion will be granted in part and denied in part.

By way of background, the Complaint alleges that Defendants Giovanni D. Ahmad, Shaun D. Masterson, Frank Tattoli, Richard F. Turner, and Richard P. Venino were officials of the Township of Weehawken (collectively, the "Weehawken Officials.") Plaintiffs allege that, over a period of years, the Weehawken Officials engaged in an illegal scheme to force them to provide low-cost housing to one Edward Devaney (hereinafter, these allegations will be termed the "Devaney Scheme.")

Defendants first move for summary judgment on the § 1983 claims against Mayor Turner, arguing that Plaintiffs have no evidence of Turner's personal involvement. Plaintiffs, in

1

opposition, point to a number of pieces of evidence of record, including Turner's deposition statement: "In our mind, through the whole process, Devaney has a right to get back into that apartment."[1]  (Baillard Dec. Ex. A at 175:3-5.)  A reasonable finder of fact could conclude from this evidence that Turner was personally involved with the Devaney Scheme.  Plaintiffs have pointed to evidence sufficient to raise a material factual dispute and to defeat the motion for summary judgment on this point.

Defendants next move for summary judgment on all the § 1983 claims on the basis of five different arguments: 1) claims accruing before May 20, 2013 are time-barred; 2) the misconduct alleged by Plaintiffs does not shock the conscience; 3) Plaintiffs' § 1983 claims of procedural due process violations must fail because Plaintiffs failed to use all legal remedies available to them; 4) Plaintiffs' § 1983 claims of equal protection violations must fail because Plaintiffs have not identified any similarly-situated comparators; and 5) Defendants have qualified immunity.

As for the argument that claims accruing before May 20, 2013 are time-barred, Defendants argue that a two-year limitations period bars such claims.  Plaintiffs filed the Complaint on May 20, 2015.  Plaintiffs, in opposition, do not dispute Defendants' assertion that, in New Jersey, the limitations period for § 1983 claims is two years.  Instead, Plaintiffs argue that the continuing violations doctrine allows them to introduce evidence of Devaney Scheme events occurring outside the limitations period.  In support, Plaintiffs cite the three-factor test set forth in Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001), as do Defendants in their

---

[1] In their reply brief, Defendants raise the argument that this testimony is inadmissible for the purpose of proving an agreement, pursuant to Federal Rule of Evidence 602.  There are two problems.  First, Defendants did not raise this argument in their opening brief and, for the purpose of this motion, it has been waived.  Second, Rule 602 limits testimony to matters of personal knowledge, and Mayor Turner's quoted statement, on its face, appears to be a statement based on personal knowledge.  Defendants may raise this evidentiary objection at trial.

reply, but neither party appears to recognize that the Third Circuit abrogated the Cowell test in Mandel v. M&Q Packaging Corp., 706 F.3d 157, 166 (3d Cir. 2013) on the ground that the Supreme Court's decision in AMTRAK v. Morgan, 536 U.S. 101, 117-18 (2002) changed the law.

      The Court need not reach a decision on the applicability of the continuing violations doctrine to resolve the motion before it. There is no dispute that, in New Jersey, the limitations period for § 1983 claims is two years. Defendants have moved for summary judgment that the limitations period bars claims based on prior events, and Plaintiffs oppose on the ground that the continuing violations doctrine applies. The Court finds, for now, that the present briefing does not provide an adequate basis for a decision on the question of the application of the continuing violations doctrine. Nonetheless, Defendants have failed to show that they are entitled to judgment as a matter of law on the question of the application of the limitations period for § 1983 claims to this case. As to the argument that the § 1983 limitations period bars some of Plaintiffs' claims, the motion for summary judgment will be denied without prejudice.

      Defendants next argue that they are entitled to judgment as a matter of law on Plaintiffs' § 1983 claims of substantive due process violations because the misconduct alleged by Plaintiffs does not shock the conscience. "What 'shocks the conscience' is only the most egregious official conduct." Eichenlaub v. Twp. of Ind., 385 F.3d 274, 285 (3d Cir. 2004). "Whether an incident 'shocks the conscience' is a matter of law for the courts to decide." Benn v. Universal Health Sys., 371 F.3d 165, 174 (3d Cir. 2004). The Complaint alleges conduct by Weehawken Officials which, if proven, could easily meet this standard. Defendants' motion for summary judgment on Plaintiffs' substantive due process claims will be denied.

Defendants next argue that they are entitled to judgment as a matter of law on Plaintiffs' § 1983 claims of procedural due process violations because Plaintiffs failed to use all legal remedies available to them. "In order to establish a violation of his right to procedural due process, [Plaintiff], in addition to proving that a person acting under color of state law deprived him of a protected property interest, must establish that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995).

Defendants here move for summary judgment on an issue central to one of their affirmative defenses to Plaintiff's procedural due process/§ 1983 claim. Defendants bear the burden of proof of their affirmative defenses at trial. As the movants seeking summary judgment on an issue for which they bear the burden of proof at trial, Defendants bear the burden at summary judgment of showing their entitlement to judgment as a matter of law. Defendants' brief does not begin to scratch the surface of this issue. Defendants contend: "Plaintiffs have wholly failed to take advantage of the processes available to them in connection with their purported claims." (Defs.' Br. 14.) What are the particular procedural due process violations alleged? What do Defendants contend is the legal remedy that was available to Plaintiffs that they failed to use, but would have allowed redress of their grievances? Defendants' argument relies on numerous factual questions which have not been briefed. Defendants have failed to show that they are entitled to judgment as a matter of law on this affirmative defense to Plaintiffs' § 1983 claims of procedural due process violations. Defendants' motion for summary judgment on Plaintiffs' procedural due process claims will be denied.

Defendants next argue that they are entitled to judgment as a matter of law on Plaintiffs' § 1983 claims of equal protection violations. Defendants contend that Plaintiffs' claim fails

4

because Plaintiffs have not identified any similarly-situated comparators.  Plaintiffs respond, in opposition, that the record contains Defendants' admissions that Plaintiffs were subjected to treatment to which no other property owner in Weehawken was ever subjected.  This Court need not reach the question of whether this might be legally sufficient because it does not appear to be supported by the record.  In support, Plaintiffs' opposition brief cites a number of paragraphs in the supplemental factual statement: 104, 105, 124, 218, 221, 222, and 281.  Only paragraph 221 alleges such an admission; the other paragraphs do not allege admissions fitting this description.  Paragraph 221 cites the deposition testimony of Mayor Turner, but the actual testimony does not support Plaintiffs' position.  Mayor Turner's actual deposition testimony states that the town took action to help a number of citizens with housing after Superstorm Sandy, and that Mr. Devaney was not the only person so assisted.  (Baillard Dec. Ex. A at 163:10-164:5.)  Plaintiffs have thus failed to point to any evidence of record that any Weehawken Official made any admission that Plaintiffs were subjected to treatment to which no other property owner in Weehawken was ever subjected.  The Court need not reach the question of whether such evidence could be legally sufficient to defeat the motion for summary judgment, because Plaintiffs have failed to point out any such evidence.

Plaintiffs do not dispute that they have not identified any specific similarly-situated people.  "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  "Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects."  Startzell v. City of Phila., 533 F.3d 183, 203 (3d Cir. 2008).  A disparate treatment claim without any comparator must fail

for lack of a showing that the plaintiff was treated differently from others similarly situated. See, e.g., Zitter v. Petruccelli, 744 F. App'x 90, 96 (3d Cir. 2018). Plaintiffs bear the burden of proof at trial of their equal protection claim, and they cannot meet that burden without evidence which demonstrates that Plaintiffs were intentionally treated differently from others similarly situated. As to the § 1983 claims of equal protection violations, Plaintiffs have thus failed to defeat the motion for summary judgment. As to Counts Six and Seven, the § 1983 claims of equal protection violations, Defendants have shown that they are entitled to judgment as a matter of law, and the motion for summary judgment will be granted.

Defendants' fifth argument is that Plaintiffs' § 1983 claims must fail because the Weehawken Officials are entitled to qualified immunity. The Third Circuit has set forth these basic principles regarding the shield of qualified immunity:

> "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). The qualified immunity analysis is thus composed of two constituent questions: first, whether the plaintiff suffered a deprivation of a constitutional or statutory right; and second, if so, whether that right was "clearly established" at the time of the alleged misconduct. If the answer to either question is "no," qualified immunity applies. Deciding which question to address first is within the Court's sound discretion.

Barkes v. First Corr. Med., Inc., 766 F.3d 307, 325-26 (3d Cir. 2014). Defendants argue that it is not beyond debate that the individual defendants engaged in any conduct which could be said to shock the conscience. This Court agrees, but that means that a grant of summary judgment to Defendants is not justified, because there are obvious material factual disputes about whether Plaintiffs suffered any deprivations of constitutional rights and about whether any such rights were clearly established at the time of the alleged misconduct. Furthermore, the "burden of establishing qualified immunity falls to the official claiming it as a defense." Burns v. Pa. Dep't

6

of Corr., 642 F.3d 163, 176 (3d Cir. 2011).  Defendants have failed to show that they are entitled to judgment granting them qualified immunity as a matter of law, and, as to the qualified immunity issue, the motion will be denied.

Defendants next move for summary judgment on Count Eight, conspiracy to deprive Plaintiffs of their constitutional rights, pursuant to 42 U.S.C. § 1985.  Defendants assert, and Plaintiffs concede, that existing law limits § 1985 claims to claims based on race or another protected class, and that Count Eight therefore fails to state any valid claim.  (Pls.' Opp. Br. 27 n.24.)  As to Count Eight, the motion for summary judgment will be granted, and Judgment will be entered in Defendants' favor on Count Eight.

Defendants next move for summary judgment on Count Five, conspiracy to deprive Plaintiffs of their constitutional rights, pursuant to 42 U.S.C. § 1983.  Defendants argue that Plaintiffs cannot show that any violation of any constitutional right occurred, and that the Weehawken Officials are entitled to qualified immunity.  As to the issue of qualified immunity, the motion for summary judgment is denied for the reasons already stated.  As to the contention that no constitutional violations occurred, the Court is satisfied that material factual disputes exist which require resolution by a finder of fact.  As to Count Five, the motion for summary judgment will be denied.

Defendants argue as well that Plaintiffs have no evidence of a meeting of the minds or concerted action, and so no conspiracy may be found.  Again, this Court is satisfied that Plaintiffs' evidence of concerted action is sufficient to raise a material factual dispute for a jury.  Defendants also argue that Plaintiffs have alleged a conspiracy with the goal of securing housing for Mr. Devaney, not a conspiracy to deprive Plaintiffs of their constitutional rights.  Plaintiffs cite no relevant authority on this subject.

The Third Circuit has held:

> The elements of a claim of conspiracy to violate federal civil rights are that (1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act under the color of state law.

Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 294 n.15 (3d Cir. 2018). This formulation does not address any *mens rea* requirements. In one of the key cases on § 1983 conspiracy claims, however, the Supreme Court stated: "If a policeman were present, we think it would be open to a jury, in light of the sequence that followed, to infer from the circumstances that the policeman and a Kress employee had a 'meeting of the minds' and thus reached an understanding that petitioner should be refused service." Adickes v. S. H. Kress & Co., 398 U.S. 144, 158 (1970). This example makes clear that a "meeting of the minds" sufficient to support a § 1983 conspiracy claim does not require an agreement with the specific intent to violate constitutional rights; it is sufficient to agree to engage in conduct – in Adickes, an agreement to deny restaurant service to a customer – that has the effect of violating constitutionally-protected rights.

Defendants next move for summary judgment on Count Ten through Count Thirteen, the state and federal RICO claims. Defendants argue that Plaintiffs cannot prove the elements of any RICO violations.[2] Because Plaintiffs bear the burden of proof of these claims at trial, Defendants meet their initial summary judgment burden merely by asserting an absence of

---

[2] Defendants also make two secondary arguments. First, Defendants argue that the alleged conduct cannot constitute any predicate violations of the Hobbs Act, because the Hobbs Act requires "actually obtaining property capable of passing from one person to another." (Defs.' Br. 26.) Defendants are wrong: the Devaney Scheme, as alleged, had the ultimate effect of transferring cash out of Plaintiffs' pockets and into Mr. Devaney's. The Hobbs Act does not require the Defendants to obtain the property. Second, Defendants also argue that they are shielded against the RICO claims by qualified immunity, which this Court has already ruled is a matter for trial.

evidence to support Plaintiffs' claims, and the burden then shifts to Plaintiffs to point to evidence sufficient for a reasonable jury to find in Plaintiffs' favor.  Plaintiffs, in opposition, lay out the basis for their RICO claims.  In reply, Defendants raise new arguments which, for the purpose of this motion, have been waived.  Anspach v. City of Phila., 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("Absent compelling circumstances not present here, failure to raise an argument in one's opening brief waives it.")  As to Counts Ten through Thirteen, the motion for summary judgment will be denied.

Lastly, Defendants move for summary judgment on the § 1983 (Monell) claims against the municipality, arguing that Plaintiffs have alleged no claims that satisfy the Third Circuit's requirement that "the official's authority to make policy in that area is final and unreviewable." Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006).  At this juncture, however, the parties have given this Court only very general attorney argument on what are questions of specific fact unique to each individual defendant: for example, did Mayor Turner have authority to make policy in the relevant areas that is final and unreviewable?  Defendants' motion, as to the Monell claims, turns on factual questions which need to be resolved at trial.  As to the Monell claims, the motion for summary judgment will be denied.

For these reasons,

**IT IS** on this 21st day of August, 2019

**ORDERED** that Defendants' motion for summary judgment (Docket Entry No. 83) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Counts Six, Seven, and Eight, the motion for summary judgment is **GRANTED**, and Judgment on Counts Six, Seven, and Eight of the Complaint is hereby entered in Defendants' favor; and it is further

**ORDERED** that, as to the remaining issues, the motion for summary judgment is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge