UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x
SANTOSH SINGH, VIRENDRA SINGH, and 63-65 CHESTNUT, LLC, SANDALWOOD HOLDINGS, LLC,

                Plaintiffs,

    *-against-*

TOWNSHIP OF WEEHAWKEN, *et al.*,

                Defendants.
-----------------------------------------------------------------------x

Case No.: 2:15-CV-3478 (SRC) (CLW)

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND AND/OR SUPPLEMENT UNDER RULE 15

KAUFMAN BORGEEST & RYAN LLP
*Attorneys for Defendants*
120 Broadway, 14th Floor
New York, New York 10271
Telephone: (212) 980-9600
Facsimile: (212) 980-9291

8114539

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL ALLEGATIONS ...................................................................................................... 1

PROCEDURAL HISTORY.......................................................................................................... 3

   I. Legal Standard ................................................................................................................... 4

   II. Plaintiffs Proposed Amendment Would Unduly Prejudice Defendants................................ 5

CONCLUSION............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Cases**

*Arthur v. Maersk, Inc.*,
434 F.3d 196 (3d Cir. 2004) .................................................................................................... 5

*E Minerals & Chems. Co. v. Mahan*,
225 F.3d 330 (3d Cir. 2000)). ................................................................................................. 4

*Ebert v. Twp of Hamilton*,
2020 WL 948774, at *2 (D.N.J. Feb. 27, 2020). ..................................................................... 5

*Foman v. Davis*,
371 U.S. 178 (1962) ................................................................................................................ 4

*Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*,
295 F.R.D. 95 (D.N.J. Aug. 14, 2009). ................................................................................... 6

*Love v. New Jersey Dep't of Corr.*,
2017 WL 4220576, at *4 (D.N.J. Sept. 22, 2017) ................................................................... 5

*Mullin v. Balicki*,
875 F.3d 140, (3d Cir. 2017) ............................................................................................... 4, 5

*Planker v. Christie*,
2018 WL 4639197, at *3 (D.N.J. Sept. 27, 2018) ................................................................... 5

*Premier Comp Sols., LLC v. UPMC*,
970 F.3d 316 (3d Cir. 2020) .................................................................................................... 4

*Prime Ins. Syndicate v. United Risk Management Services, Inc.*,
2006 WL 2085388, at *5 (D.N.J. Jul. 25, 2006) ...................................................................... 6

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
614 F.3d 57 (3d Cir. 2010) ...................................................................................................... 4

*Stenger v. Miner*,
2021 WL 1207474, at *2 (D.N.J. Mar. 31, 2021) ................................................................ 4, 6

*United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*,
769 F.3d 837 (3d Cir. 2014) .................................................................................................... 5

**Rules**

Fed. R. Civ. P. Rule 15(d) (2022). .................................................................................................. 5
FRCP Rule 15(a) ......................................................................................................................... 4, 5
Rule 15 of the Federal Rules of Civil Procedure ........................................................................... 1
Rule 15(a)(2) of the Federal Rules of Civil Procedure .................................................................. 4
Rule 16(b)(4) ............................................................................................................................... 4, 5

## PRELIMINARY STATEMENT

Plaintiff Santosh Singh, Plaintiff the Estate of Virendra Singh (together, the "Singh's"), Plaintiff 63-65 Chestnut LLC, and Plaintiff Sandalwood Holdings LLC's (collectively, "Plaintiff"), Motion to Amend and/or Supplement the Complaint under Rule 15 of the Federal Rules of Civil Procedure (hereinafter, "FRCP") to include allegations about Hurricane Ida should be denied in their entirety.  This is an improper attempt by Plaintiffs to include more theories of liability against Defendant Township of Weehawken, Defendant Mayor Richard F. Turner, Defendant Frank Tattoli, Defendant Giovanni D. Ahmad, Defendant Richard P. Venino, and Defendant Shaun P. Masterson (collectively, "Defendants") well **after** the parties had agreed to a Joint Pretrial Order.  Plaintiffs' proposed amendments would substantially prejudice Defendants, incurring substantial discovery costs.

For the reasons set forth in greater detail below, Plaintiffs' Motion to Amend and/or supplement should be denied in its entirety.

## FACTUAL ALLEGATIONS

On September 1, 2021, Hurricane Ida made landfall in New Jersey and New York, causing considerable damage within New Jersey, especially in the Township of Weehawken.  (*See* PAC ¶¶ 201, 210).[1]  During the hurricane, there was a mudslide that occurred below the Singh's residence.  (*See* PAC ¶ 211).  Defendants sought to inspect the properties owned by Plaintiffs after the hurricane, but Plaintiffs refused to allow them entry.  Plaintiffs were the only property owners who refused to allow Defendants to inspect damage after Hurricane Ida.  On September 5, 2021, Defendants issued a Vacate Order because they deemed the property unsafe.  (*See* PAC ¶ 212). Also, on the same day, Plaintiffs received a memorandum titled, "Emergency Vacate Order" and

---

[1] All references and citations to the Proposed Amended Complaint are hereinafter referred to as, "PAC."

1

saw cracks on Plaintiffs' 2 Lincoln Place property and adjoining garage.  (*See* PAC ¶ 213). Because Plaintiffs initially denied Defendants the opportunity to inspect the property, Defendants were forced to use a drone to aerially inspect the damage caused by Hurricane Ida, which confirmed that serious damage was done to Plaintiffs' properties.  (*See* PAC ¶ 213).

On September 10, 2021, Defendants issued Unsafe Structure orders, which required Plaintiffs to demolish their properties by September 16, 2021.  (*See* PAC ¶ 221).  Due to the Plaintiffs' refusal to allow Defendants to inspect the properties, Plaintiffs hired their own engineer to survey and inspect the properties and the damage.  (*See* PAC ¶ 222).  On September 15, 2021, Plaintiffs filed an appeal with the Hudson County Construction Board, seeking to vacate the Emergency Vacate Order and Unsafe Structure Order.  (*See* PAC ¶ 226).

Then, on October 13, 2021, Plaintiffs appeared at the meeting with Defendants to discuss the multiple orders.  (*See* PAC ¶ 235).  At the meeting, Plaintiffs' engineer disputed that the dangerous cracks could cause collapse.  (*See* PAC ¶ 237).  Defendant Frank Tattoli testified that Defendants' engineers had concluded otherwise.  (*See* PAC ¶ 238).  Defendant Tattoli further testified that he and Defendants' engineers were not initially able to personally inspect Plaintiffs' properties.  (*See* PAC ¶ 239).  However, Plaintiffs relented and allowed Defendants' engineers to partially inspect the properties and Defendants' engineers saw that the damage was not dangerous. Plaintiffs' engineer also testified that the extent of the damage could not be ascertained without being allowed to personally examine the property. Accordingly, Defendants rescinded the Unsafe Structure and Emergency Vacate Orders.  (*See* PAC ¶ 242).  The Singh's ended up moving back into their property shortly after the hearing.

Approximately **six (6) months** after the hearing, Plaintiffs are now seeking to amend their Complaint to include the allegations related to Hurricane Ida.

## **PROCEDURAL HISTORY**

On May 20, 2015, Plaintiff filed their initial Complaint against Defendants, alleging violations of 42 U.S.C. §1983 ("Section 1983"), Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state law equivalents. *See* ECF Dckt. No. 1. On October 15, 2015, the parties filed a Joint Discovery Plan with the Court to be so-ordered. *See* ECF Dckt. No. 18-1. As stipulated in the Joint Discovery Plan, the deadline to amend the pleadings was **May 1, 2016**. *Id.* The Court so-ordered the Joint Discovery Plan. *See* ECF Dckt. No. 20. The parties engaged in discovery, which involved voluminous document productions and several depositions. Discovery lasted approximately **three (3) years**. Plaintiffs never amended their pleading throughout discovery. On November 15, 2018, Defendants filed their initial motion for summary judgment. *See* ECF Dckt. Nos. 83-86. On December 26, 2018, Plaintiff filed their opposition to Defendants' motion. *See* ECF Dckt. Nos. 91-96. On February 1, 2019, Defendants filed their reply papers. *See* ECF Dckt. Nos. 104-106.

On August 21, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment. *See* ECF Dckt. No. 126. On September 24, 2020, the parties submitted their final joint pretrial order, signed by Magistrate Judge Cathy L. Waldor. *See* ECF Dckt. No. 146. Subsequently, the parties fully briefed their motions *in limine*. *See* ECF Dckt. Nos. 151 – 154, 156 – 160. On March 24, 2021, the Court held a hearing and ruled on all motions in limine submitted by the parties. *See* ECF Dckt. No. 164. On March 11, 2022, approximately **one (1) year** after the Court ruled on the motions in limine and **six (6) months** after the hearing in front of the Hudson County Construction Board, Plaintiffs submitted a letter requesting the amendment. *See* ECF Dckt. No. 168.

**ARGUMENT**

I. **Legal Standard**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), leave to amend should be granted freely as justice required. Fed. R. Civ. P. Rule 15(a)(2) (2022). The decision whether to grant a party's leave to amend is within the Court's discretion. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84-85 (3d Cir. 2010). "Where leave to amend is sought beyond the scheduling order's deadline to do so, the movant must surmount both Rule 16(b)(4) **and** Rule 15(a)(2)." *Stenger v. Miner*, 2021 WL 1207474, at *2 (D.N.J. Mar. 31, 2021) (emphasis added) (citing *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 317, 319 (3d Cir. 2020)). "Rule 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent. Whether good cause has been shown depends, in part, on the movant's diligence." *Id.* at 319 (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d at 84-85; *E Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000)). Under FRCP Rule 15(a), leave to amend should be granted freely unless the party seeking to amend their pleading has engaged in: (1) bad faith; (2) undue delay; (3) dilatory motive; (4) undue prejudice; or (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "The *Foman* factors are **not exhaustive**." *See Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (emphasis added).

Courts in the Third Circuit have opined that, "Leave may be denied 'where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'"" *See United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). In the instant matter, Plaintiffs proposed amendments will unduly prejudice Defendants and would cause an undue delay to the resolution of this case. Accordingly, Plaintiffs'

motion to amend the Complaint under Rule 15(a) should be denied because Plaintiff is unable to meet the standard under **both** Rule 15(a) and Rule 16(b)(4).

Under Rule 15(d) of the Federal Rules of Civil Procedure, a party may, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. Rule 15(d) (2022). "A Court also may deny a supplemental complaint 'when it would raise new issues and unduly delay resolution of the case.'" *See Planker v. Christie*, 2018 WL 4639197, at *3 (D.N.J. Sept. 27, 2018) (quoting *Love v. New Jersey Dep't of Corr.*, 2017 WL 4220576, at *4 (D.N.J. Sept. 22, 2017)). "The standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a)." *Ebert v. Twp of Hamilton*, 2020 WL 948774, at *2 (D.N.J. Feb. 27, 2020). Here, as stated above, Plaintiffs proposed amendments would unduly prejudice Defendants. Thus, Plaintiffs' motion to supplement the Complaint should be denied in its entirety.

## II.     Plaintiffs Proposed Amendment Would Unduly Prejudice Defendants

Plaintiffs proposed amendments would cause undue prejudice to Defendants and should be denied. In the Third Circuit, "prejudice to the non-moving party is the touchstone for the denial of an amendment." *See Mullin*, 875 F.3d at 150; *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2004). When determining whether an amendment would cause undue prejudice to the non-moving party, Courts consider whether allowing the amendment would, "(1) require defendants to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute." *Strenger*, 2021 WL 1207474, at *4; *Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 295 F.R.D. 95, 99 (D.N.J. Aug. 14, 2009). Amendments after discovery has concluded and as the joint pretrial orders have been ruled to be prejudicial. *Prime*

5

*Ins. Syndicate v. United Risk Management Services, Inc.*, 2006 WL 2085388, at *5 (D.N.J. Jul. 25, 2006) (denying motion to amend under Rule 15 and Rule 16 due to prejudice to Defendant at joint pretrial conference).

Here, Plaintiffs argue that there will be no prejudice since Defendants will be allowed to engage in discovery. Pls' Br. at pg. 14. That is **not** the standard. Plaintiffs proposed amendments include adding several new facts and theories of liabilities related to Hurricane Ida. Plaintiffs allegations span Hurricane Ida's landfall, the damage, Unsafe Vacate Order and Emergency Vacate Order. (*See* PAC ¶¶ 201-237). Plaintiffs allegations also discuss their failure to allow Defendants inspectors to inspect the property damage, the appeals process with the Hudson County Construction Board. *Id.* The plaintiff in *United Risk Management Services, Inc.*, sought to incorporate new causes of action at the final pretrial conference. 2006 WL 2085388, at *2. In a similar fashion, Plaintiffs are seeking to incorporate the above-referenced new facts and theories of liability well after the close of discovery, after dispositive motions, and after the joint pretrial order has been finalized.

Moreover, Fact and Expert Discovery took approximately **three (3) years** to complete initially. Given the new facts and theories of liability involved with the proposed amendments, re-opening discovery could take a long, indeterminate amount of time. The parties would need to exchange dozens and dozens of discovery requests. All parties would need to be re-deposed over the new facts and theories of liability. Additionally, new witnesses would need to be deposed about their knowledge of the facts related to Plaintiffs' proposed amendments. This would mean that at least **ten (10)** depositions would need to take place. Furthermore, the parties would likely engage in expert discovery, which would require a report and multiple depositions. This would force Defendants to expend a significant amount of resources and financial expenditures to conduct

discovery on new facts and theories of liability long **after** the Joint Pretrial Order has been signed and the Court has ruled on Motions in Limine. Consequently, Plaintiffs proposed amendments would force Defendants to suffer extreme prejudice and Plaintiffs' motion should be denied in its entirety.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' motion to amend and/or supplement in its entirety and grant such other relief the Court deem just and proper.

Dated: May 6, 2022
New York, New York

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
Joan M. Gilbride
120 Broadway, 14th Floor
New York, New York 10271
Telephone: 212-980-9600
Facsimile: 212-980-9291
Email: jgilbride@kbrlaw.com
*Attorneys for Defendants*

To: Counsel for Plaintiffs (via ECF)