# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANTOSH SINGH, ESTATE OF VIRENDRA SINGH, 63-65 CHESTNUT, LLC, and SANDALWOOD HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TOWNSHIP OF WEEHAWKEN, MAYOR RICHARD F. TURNER, in his Official and Individual Capacities, FRANK TATTOLI, in his Official and Individual Capacities, GIOVANNI D. AHMAD, in his Official and Individual Capacities, RICHARD P. VENINO, in his Official and Individual Capacities, and SHAUN D. MASTERSON, in his Official and Individual Capacities,<br><br>Defendants. | Civil Action No. 15-cv-03478 (SRC) (CLW) |

___

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO AMEND/SUPPLEMENT**
___

**KRANJAC TRIPODI & PARTNERS LLP**
Xavier M. Bailliard, Esq.
James Van Splinter, Esq.
30 Wall Street, 12th Floor
New York, New York 10005
Tel: (646) 216-2400
Fax: (646) 216-2373
jvansplinter@ktpllp.com
xbailliard@ktpllp.com
*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

ARGUMENT…………………………………………………………………………………1

CONCLUSION……………………………………………………………………………….4

## TABLE OF AUTHORITIES

**CASES**

*Hassoun v. Cimmino*, 126 F.Supp.2d 353, 361 (D.N.J. 2000)………………………………….3

*Kounelis v. Sherrer*, 396 F.Supp.2d 525 at 529 (D.N.J. 2005)………………………………….4

**RULES**

FRCP 15(d)…………………………………………………………………………………...3

FRCP 16(b)(2)………………………………………………………………………………..2

## ARGUMENT

This case is and always has been about a racket of high-level municipal officials consisting of the Mayor, the Township Counsel/Law Director, the Construction Code Official, a Building Inspector, and a Township Manager Official[1], who – after Plaintiff Santosh Singh was already harmed by the aftermath of Superstorm Sandy in 2012 – abused their offices to work together and force Plaintiffs, against their will, to provide a politically favored son[2] a brand-new apartment *essentially for free*.  To achieve these ends, these officials used, among other things: threats (including the threat of imposing a baseless lien on Plaintiffs' Property[3]), harassment (including dozens of threatening phone calls and in-person confrontations of Plaintiff Santosh Singh ("Singh") at the Property and her home), trespass (including an attempted break in at the Property), the issuance of bogus stop work orders ("SWO's") issued against the Property unrelated to any real violation (which remain unabated to this day) in connection with repairs Plaintiff was making after the damage of Superstorm Sandy, and extorted Plaintiffs into entering into an agreement to provide this favored son housing.  These coordinated actions represent unabashed abuses of power and conspiratorial conduct that intended to (and did) deprive Plaintiffs of their Constitutional property rights.

**Then,** in 2021, Hurricane Ida struck Weehawken.  In a stunning display of shamelessness, Defendants (i.e., the same RICO conspiratorial group as alleged in the Complaint) seized upon *that* storm to harass, threaten, and harm Plaintiffs, **yet again --** utilizing stunningly similar *modus operandi* seeking the same aims as the RICO conspiracy as set forth in

---

[1] Mayor Richard F. Turner ("Mayor Turner"), Richard P. Venino ("Venino"), Frank Tattoli ("Tattoli"), Shaun D. Masterson ("Masterson"), and Giovanni D. Ahmad ("Ahmad").

[2] Edward ("Ed") Devaney.

[3] Two adjoining buildings located at 63 Chestnut Street and 65 Chestnut Street, Weehawken, New Jersey.

Plaintiff's original claims. That is, Defendants sought *and seek* to abuse municipal authority to harass and threaten Plaintiffs, punish them for attempting to vindicate their rights, and ultimately, to run them out of town (and to serve as a warning and object lesson to anyone who would dare cross this RICO group in the future).

As is set forth at length in the moving papers and in the proposed amendment, Defendants attempted – without any justification – to use the pretext of Hurricane Ida to attempt to *condemn* Plaintiff' Santosh Singh's *home* and to run her out of town. This is a sad repeat of the same activity and abuses of power in which Defendants' engaged *vis* Hurricane Sandy – except that Defendants upped the ante and now attacked Plaintiff Santosh Singh at her own home.

Obviously, Plaintiffs could not have brought these claims concerning Defendants' abuses under the pretext of Hurricane Ida before they occurred. Perhaps most importantly, Defendants – who already largely lost on summary judgment concerning their strikingly similar activity *vis* Hurricane Sandy – did not and could not argue that Plaintiffs' claims here concerning their continued illegal and tortious activity *vis* Hurricane Ida would be futile. Rather, Defendants merely argue that they would be "prejudiced" by these new claims. They claim "delay." This argument is risible and should be rejected out of hand.[4]

---

[4] Defendants cannot seriously argue "delay," or that Plaintiffs were not "diligent", or that there is not "good cause" to bring these newly-arisen but entirely relevant and consistent facts under Rule 16(b)(2). Plaintiffs attempted in good faith to resolve these newly-arisen issues with Defendants through the Hearing and thereafter through the Appeals process before the Hudson County Board of Appeals. Plaintiffs brought these newly-arisen facts to the Court's attention on February 9, 2022 – while the appeal was pending and after they provided a proposed Stipulation to Defendants dismissing the pending appeal before the Hudson County Board of Appeals as moot. Notwithstanding the plain and obvious impropriety of the vacate and demolition orders, Defendants have outrageously have refused to sign this Stipulation or vacate the orders, choosing instead to continue to keep the proverbial sword of Damocles hanging over Plaintiffs' head and destroying the value of Plaintiff Santosh Singh's home by refusing vacate plainly improper vacate and demolition orders. *See* ECF No. 169-4 at ¶¶ 249-260. After participating in a case

Obviously, Plaintiffs did not want to be the victims of continuing illegal activity in the years 2021 and 2022 at the hands of the *same* actors and via the *same modus operandi* as in the original Complaint (all the way down to the abuse of the pretext of a hurricane!)  However, the only prejudice here would be denying Plaintiffs the opportunity to present to the jury the full story of Defendants' consistent, *continuing* egregious behavior – which is increasing in venom and destructiveness as now Defendants have targeted Plaintiff Santosh Singh in her own home.

Defendants do not – and cannot – cite a case where amendment/supplementation has been denied to prevent Plaintiffs from supplementing/amending their complaint to allege consistent but newly-arisen facts in the context of a continuing and already-alleged RICO conspiracy with common aims, members, and tactics.  Quite the contrary, Rule 15(d) *specifically* allows Plaintiffs to supplement their pleading to add "newly-arisen" facts.  *See* FRCP 15(d).  Indeed, "Rule 15(d) serves judicial economy, avoids multiplicity of litigation, and promotes as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed."  *Hassoun v. Cimmino*, 126 F.Supp.2d 353, 361 (D.N.J. 2000) (internal citations omitted); *see also Kounelis v. Sherrer*, 396 F.Supp.2d 525 at 529 (D.N.J. 2005) (permitting supplement to add new facts, a retaliation claim, and two new defendants where plaintiff filed motion months after the new facts occurred).

Here – especially where Defendants notably do not *and cannot* argue futility – the dispute between Defendants and Plaintiffs absolutely *will* include Defendants' new abusive behavior with respect to Santosh Singh's *home* and the Defendants' abuse of the pretext of Hurricane Ida.  By far, the most efficient manner for this dispute to be resolved is here, in this case, which involves the same claims, the same parties, the same conspiratorial group, and strikingly similar

---

management conference scheduled in light of Plaintiffs' letter on March 2, 2022, Plaintiffs promptly filed their motion to supplement on March 25, 2022.

underlying facts.  Indeed, as noted, it is *Plaintiffs* who would be egregiously prejudiced if the litigation were multiplied and Plaintiffs' conspiracy claims were wrongfully "bifurcated" into those involving Hurricane Sandy, on one hand, and Defendants' consistent and continuing action concerning Hurricane Ida on the other.  Particularly in this case involving a conspiracy, the jury must have the full picture of Defendants' actions.  Simply put, no judicial policy is served by denying the amendment/supplement to include the newly-arisen facts concerning Defendants' ongoing conspiracy.  On the other hand, Plaintiffs would be prejudiced and further victimized by Defendants if they are not permitted to present the newly-arisen and very disturbing facts which are entirely consistent with their extant claims.

## CONCLUSION

For these reasons, Plaintiffs should be permitted to amend/supplement their Complaint to allege newly-arisen facts.

Dated: May 27, 2022    **KRANJAC TRIPODI & PARTNERS LLP**

By: s/ James Van Splinter, Esq.
    Xavier M. Bailliard, Esq.
    James Van Splinter, Esq.
    30 Wall Street, 12th Floor
    New York, New York 10005
    Tel: (646) 216-2400
    Fax: (646) 216-2373
    jvansplinter@ktpllp.com
    xbailliard@ktpllp.com
    *Attorneys for Plaintiffs Santosh Singh,*
    *Estate of Virendra Singh, 63-65 Chestnut, LLC,*
    *and Sandalwood Holdings, LLC*