NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SANTOSH SINGH, et al., | : : : | **Civil Action No. 15-3478 (SRC)** |
| Plaintiffs, | : : |  |
| v. | : : | **OPINION** |
| TOWNSHIP OF WEEHAWKEN, et al., | : : : |  |
| Defendants. | : : |  |

**CHESLER**, District Judge

      This matter comes before the Court on an appeal, filed by Plaintiffs Santosh Singh, Estate of Virendra Sign, 63-65 Chestnut, LLC, and Sandalwood Holdings, LLC (collectively, "Plaintiffs") of Magistrate Judge Waldor's order denying Plaintiffs leave to file an amended complaint. Defendants Township of Weehawken, Mayor Richard F. Turner, Frank Tattoli, Guivanni D. Ahmad, Richard P. Venino, and Shaun D. Masterson (collectively, "Defendants") oppose the appeal. The Court, having considered the papers filed by the parties, proceeds to rule on the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Defendant's motion.

      **I.    Background**

      The facts of this action stretch back over a decade. A complete factual recitation is not necessary to resolve this motion. The crux of Plaintiffs' allegations in their initial complaint is that Defendants Richard F. Turner, Frank Tattoli, Giovanni D. Admad, Richard P. Venino, and Shaun D. Masterson, all officials of the Township of Weehawken, engaged in an illegal scheme of harassment and intimidation to force Plaintiffs, landlords with property in Weekawkin, to provide

low-cost housing to Edward Devaney. Plaintiffs allege, <u>inter alia</u>, that Defendants harassed them through arbitrary regulatory holdups based on the damage to their properties caused by Hurricane Sandy and the subsequent repairs. Plaintiffs allege claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 1962, as well as state law equivalents. (ECF No. 1). The Court will refer to these allegations as the "initial allegations."

The action was filed in 2015. (ECF No. 1). Discovery took approximately three years. In August 2019, the Court partially granted Defendants' summary judgment motion by dismissing three of Plaintiffs' thirteen causes of action. (ECF No. 125). Operating under the constraints imposed by COVID-19, the Court held the final pretrial conference almost one year later in July 2020. The Court entered the final pretrial order the following month in August 2020. (ECF No. 146). The parties then filed various motions <u>in limine</u>, which the Court decided in March 2021. (ECF No. 164, 165). At this point, the action was effectively ready for trial, but the Court was forced to delay trial, in part due to the challenges posed by COVID-19.

In February 2022, Plaintiffs moved for leave to amend the complaint to include additional allegations. (ECF No. 169). Plaintiffs allege that after Hurricane Ida struck New Jersey, Defendants forced those residing at three of Plaintiffs' properties, including Plaintiff Santosh Singh, to immediately vacate those properties because of a mudslide on the cliffs below them. Plaintiffs allege Defendants then ordered these properties to be demolished because they were structurally unsound. Plaintiffs allege they then hired an engineer to rebut Defendants' assertions, which caused Defendants to ultimately reverse the orders to vacate and demolish the properties. (ECF No. 166). The Court will refer to these allegations collectively as the "Hurricane Ida allegations."

After consideration of Plaintiffs' motion, Magistrate Judge Waldor denied leave to amend the complaint because it would significantly prejudice Defendants and burden the Court. Magistrate Judge Waldor concluded that while Plaintiffs met the Rule 16(b)(4) standard to modify the Court's elapsed deadline to amend the complaint, they failed to meet the Rule 15(a)(2) standard for amendment. Her reasoning focused on the extensive discovery that would be needed to prepare the Hurricane Ida allegations for trial, the fact the Hurricane Ida allegations constitute distinct claims from the initial allegations, and the prejudice that would result from delaying this eight-year-old case. (ECF No. 184). Plaintiffs now appeal Magistrate Judge Waldor's denial of their motion to amend the complaint.[1] (ECF No. 186).

## II.  Discussion

A motion to amend a complaint is a non-dispositive pretrial matter. Magistrate Judges are entitled to considerable deference when non-dispositive matters are appealed. A Magistrate Judge's order on such a matter may only be modified or set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Magistrate Judge Waldor's denial of Plaintiffs motion is neither clearly erroneous nor contrary to law. Indeed, it would be upheld even if considered under a de novo standard of review.

First, Rule 16(b)(4) governs modifications to schedules ordered by the Court and provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of this inquiry is whether a party shows due diligence in requesting such a modification. See Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020);

---

[1] Plaintiffs' appeal is timely. Rule 72(a) provides parties have 14 days to file objections to a Magistrate Judge's resolution of a non-dispositive matter. Plaintiffs filed their objections on the 14th day following Magistrate Judge Waldor's Order. (ECF No. 185, 186).

Race Tires America, Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010). Here, the deadline to amend the complaint was years before alleged date of the Hurricane Ida allegations. Furthermore, Plaintiffs promptly brought the issue of the Hurricane Ida allegations to the Court's attention, four to five months after the allegations are alleged to have occurred.[2] Therefore, Plaintiffs met their burden under Rule 16 to modify the deadline to amend the complaint.

However, Plaintiffs do not satisfy the standard to amend the complaint under Rule 15. Rule 15(a)(2) provides that when a party cannot amend its pleading as of right, it "may amend its pleading only with the opposing party's written consent or the court's leave," and that "the court should free give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While this language provides for a liberal amendment policy, the ultimate decision to grant leave to amend a complaint is committed to the sound discretion of the Court. Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001). It is within the Court's discretion to deny leave to amend a complaint "if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." Id. at 272-73. Prejudice in this context includes "additional discovery, cost, and preparation to defend against new facts or new theories." Id. at 273.

Here, litigating the Hurricane Ida allegations would prejudice Defendants. Moving this case back into discovery would require Defendants to engage in additional discovery, costing significant time and money. It would require Defendants to prepare for new issues at trial, despite their reliance for the past two and a half years on the issues enumerated in the final pretrial order.

---

[2] Four to five months was a reasonable time frame in the context of this case, which was largely on hold because of challenges to holding a trial in light of COVID-19. The only docket activity between the motions in limine and Plaintiff's request to amend the complaint was a single docket entry on July 26, 2021, adjourning jury selection until 2022. In a faster moving case, four to five months may not be sufficiently diligent to meet the Rule 16(b)(4) standard.

This likely would impact Defendants' litigation management decisions. Furthermore, it would upend their expectations in a reasonably timely resolution of the action. This prejudice is substantial, and therefore, leave to amend the complaint will be denied. See id.; Hayden v. Westfield Ins. Co., 586 F. App'x 835, 841-42 (3d Cir. 2014) (affirming the denial of leave to amend a complaint in an insurance action to include allegations of damage caused by insurer's contracted inspector when the motion to amend was filed after summary judgment); Smart Pharmacy, Inc. v. Medco Health Sols., Inc., No. 11-6485, 2014 3735344, at *4 (D.N.J. July 29, 2014) (denying leave to amend the complaint two years after the prior amendment was filed because "countless discovery issues would result by virtue of the amendment"); Duffy v. Charles Schwab & Co., Inc., No. 98-4595, 2001 WL 1104689, at *3 (D.N.J. Sept. 4, 2001) (denying leave to amend the complaint after summary judgment, in part because of it would reopen discovery approximately a year and a half after it had closed).

As Magistrate Judge Waldor noted, the initial allegations and the Hurricane Ida allegations constitute distinct claims. See Restatement (Second) of Judgments § 24 (1982).[3] These claims can be pursued in distinct actions, especially when doing so promotes judicial efficiency. Plaintiffs push back against that conclusion, noting the relationship between the initial allegations and the Hurricane Ida allegations, and the delay that would be caused by filing a second lawsuit. While the initial allegations and the Hurricane Ida allegation may involve a common alleged motivation, they involve different conduct, occurred almost a decade apart from one another, and would require

---

[3] Restatement (Second) of Judgments § 24 provides that claims "are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

different evidence at trial. Therefore, they clearly constitute distinct claims. While a second lawsuit may not be ideal, it is likely to be a faster path to an ultimate resolution of this litigation than to move this action backward into discovery. See Hayden, 586 F. App'x at 841-42 (noting plaintiffs may file another lawsuit to pursue claims that were not permitted to be included in an amendment to the complaint); Hudson v. Univ. of Tex. Med. Branch, No. 08-cv-254, 2009 WL 1257150, at *2 (May 6, 2009) (denying leave to amend to include excessive force allegations because it would length an already long case, while noting plaintiff may file a separate lawsuit concerning these allegations).

### III. Conclusion

For the foregoing reasons, the Court will affirm Magistrate Judge Waldor's order. An appropriate order will be filed.

                                                      s/ Stanley R. Chesler
                                                    STANLEY R. CHESLER
                                                    United States District Judge

Dated: April 27, 2023