NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANTOSH SINGH, VIRENDRA SINGH, 63-65 CHESTNUT, LLC, and SANDALWOOD HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF WEEHAWKEN, MAYOR RICHARD F. TURNER, in his Official and Individual Capacities, FRANK TATTOLI, in his Official and Individual Capacities, GIOVANNI D. AHMAD, in his Official and Individual Capacities, RICHARD P. VENINO, in his Official and Individual Capacities, and SHAUN D. MASTERSON, in his Official and Individual Capacities,<br><br>Defendants. | Civil Action No. 15-3478 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on Plaintiffs' June 10, 2024 letter (ECF No. 231) [hereinafter "June 10 Letter"] seeking clarification of the Court's April 23, 2024 Order granting Defendants' motion to enforce the parties' settlement agreement. See (ECF Nos. 229 & 230). On June 20, 2024, Defendants submitted their response. (ECF No. 232). For the following reasons, the Court shall clarify its April 23, 2024 Order to reflect that the settlement provisions set forth therein are not subject to any time limitation.

I.   **BACKGROUND**

The relevant facts are set forth in the Court's Opinion filed April 23, 2024. (ECF No. 229).

Plaintiffs now "write to seek clarification as to whether Your Honor's Order provides for any time limitations as respects to the specific provisions of the final Settlement Agreement that Your Honor specifically sets forth in the Order." June 10 Letter at p. 1. Specifically, Plaintiffs seek to clarify whether a time limitation applies to the settlement provisions outlined in paragraphs three through six of the Order. Id. at pp. 1-2. For reference, those provisions are:

> 3. Defendants to refer to Jersey City or the New Jersey Department of Community Affairs any applications, complaints, notices or other filings relating to rent leveling and/or rent control that involve Plaintiffs' properties;
>
> 4. Defendants to refer to Jersey City or the New Jersey Department of Community Affairs all building, construction, and/or housing code inspections for Plaintiffs' properties (including, but not limited to electrical, plumbing, building structural, HVAC, and plumbing), as well as any other inspection unrelated to zoning, development or land use that Defendants would normally perform;
>
> 5. Plaintiffs must comply with the existing legal mechanisms and procedures necessary to allow Defendants to make the referrals outlined in Paragraphs (3) and (4), and Defendants shall promptly make such referrals once they are able; and
>
> 6. Plaintiffs' properties include 2 Lincoln Place, 4 Lincoln Place, 63 Chestnut Street, 65 Chestnut Street, and 60 West 19th Street in Weehawken, New Jersey, as well as any other Weehawken, New Jersey properties Plaintiffs acquire 100% ownership of in the future.

(ECF No. 230 at ¶¶ 3-6). Plaintiffs submit that Defendants interpret the Order "as allowing for a time limitation, since [Defendants] had attached a prior copy of a draft Settlement Agreement to their moving papers, which had set forth such a time limitation." June 10 Letter at p. 2. Defendants' response confirms their interpretation and deems Plaintiffs' letter an "attempt to circumvent the

Court's April 23, 2024 Opinion." (ECF No. 232 at p. 1). Plaintiffs' position is that, "[i]f there had been any time limitation or expiration date to [Paragraphs] 3-6, one would have been included in the Order – but none was." June 10 Letter at p. 2.

## II. DISCUSSION

Here, the Court's interpretation of the terms and conditions of the settlement agreement was premised on its finding that the undisputed material facts established the parties entered into a valid, enforceable settlement agreement during mediation. Therefore, the Court sought to include only those terms to which Plaintiffs and Defendants objectively manifested their assent during mediation. The Court further refined its articulation of the settlement conditions using language that was consistent between the draft agreements prepared by Plaintiffs and Defendants. Because during mediation the parties did not agree to impose a time limitation—indeed, the motion record does not suggest such a prospect was even mentioned during mediation—and only Defendants' draft agreement provided for a time limitation, the Court concluded the conditions in the settlement agreement are not subject to a time limitation. Indeed, if the Court had found the parties agreed to a time limitation, it would have included such a provision in its Order granting Defendants' motion to enforce the agreement. Moreover, imposing a time limitation on the settlement conditions would contradict the conditions' underlying rationale: to grant the parties administrative separation to the extent legally permissible.

## III. CONCLUSION

For the foregoing reasons, the settlement provisions contained in the Court's April 23, 2024 Order are not subject to a time limitation. Specifically, there are no lime limitations to either the condition that Defendants refer to Jersey City or the New Jersey Department of Community Affairs any applications, complaints, notices or other filings relating to rent leveling and/or rent control

3

that involve Plaintiffs' properties, or the condition that Defendants refer to Jersey City or the New Jersey Department of Community Affairs all building, construction, and/or housing code inspections for Plaintiffs' properties (including, but not limited to electrical, plumbing, building structural, HVAC, and plumbing), as well as any other inspection unrelated to zoning, development or land use that Defendants would normally perform.

***

Therefore, **IT IS** on this 21st day of June, 2024, **ORDERED**, that the Court's April 23, 2024 Order (ECF No. 230) is clarified to reflect that the settlement provisions set forth therein are not subject to any time limitations.

                                                          s/ Stanley R. Chesler
                                                        STANLEY R. CHESLER
                                                        United States District Judge